UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHRISTOPHER S. FRASIER** | **CIVIL ACTION NO. 3:12-cv-0499** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BILLY W. HARRISON, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Christopher S. Frasier is a pre-trial detainee incarcerated at the Morehouse Parish Jail (MPJ), Bastrop, Louisiana. On January 25, 2012, he filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. Therein he alleged that he was denied appropriate medical care while incarcerated at the MPJ and he sued Warden Harrison, Sheriff Tubbs, Richard Smith, Capt. Deville, Deputy Brooks, Alicen Hawkens and an "unknown nurse" seeking injunctive relief – a transfer to another prison – and punitive damages. *See Christopher S. Frasier v. Billy W. Harrison, et al.*, Civil Action No. 3:12-cv-0312 at Doc. 1. On March 22, 2012, he was ordered to amend his complaint [*Id.*, Doc. 6], and on March 29, 2012, he submitted his amended complaint in accordance with the order. [Doc. 7] That civil action remains pending in this Court.

Meanwhile, on February 23, 2012, he filed the instant "Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241." He named Warden Harrison "et al." as Respondents and in support of his claims for relief recited medical care claims identical to those raised in Civil Action 3:12-cv-0312. He alleged no claims which would entitle him to habeas corpus relief. However, since it appeared from the heading of the pleading that he was seeking *habeas corpus* relief, he was allowed to proceed *in forma pauperis* without payment of the $5.00 fee imposed

for *habeas corpus* filings, and without incurring liability for the payment of the $350.00 fee for filing civil rights complaints. [Docs. 5 and 6]

## *Law and Analysis*

Title 28 U.S.C. §1915(a) enables an indigent litigant to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. §1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986). The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. *Green*, 788 F.2d at 1119. If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(d) as malicious." See *Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of Section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). Or, put another way, "[w]hen declaring that a successive *in forma pauperis* suit is 'malicious' the

court should insure that the plaintiff obtains one bite at the litigation apple-but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

Frasier's current pleading – erroneously styled as an application for *habeas corpus* – is duplicative of Civil Action 3:12-cv-0312 presently pending before this Court. Plaintiff has abused the privilege of litigating *in forma pauperis*; he has attempted to mislead the Court by utilizing the form for seeking *habeas corpus* relief; and, therefore, the instant civil action is clearly vexatious and malicious and dismissal is appropriate. Therefore,

**IT IS RECOMMENDED THAT** Civil Action No. 3:12-cv-0499 be **DISMISSED WITH PREJUDICE** as malicious.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, April 26, 2012.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE